UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRACY STEWARD                                              PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:05CV674LS

UNITED AUTOMOBILE INSURANCE SERVICES
AND UNITED AUTOMOBILE INSURANCE COMPANY             DEFENDANTS

MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendants
United Automobile Insurance Services and United Automobile
Insurance Company (United Auto) for summary judgment pursuant to
Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Tracy
Steward has responded in opposition to the motion and the court,
having considered the memoranda of authorities, together with
attachments, submitted by the parties, concludes that defendants'
motion should be granted in part and denied in part.

     Plaintiff Tracy Steward was involved in an automobile
accident with Cecil Andrew Scott on March 5, 2004.  Taking the
position that the accident was Steward's fault, Scott notified
United Auto, Steward's automobile liability insurer, of the
accident and sought payment of his claimed damages.  After
obtaining a statement from Steward about the accident, United Auto
denied Scott's claim, and by letter dated April 23, 2004, advised
Scott's insurance carrier that the evidence supported Steward's
assertion that Scott's vehicle struck her vehicle, causing her to

lose control, and that it had concluded that Steward was not the proximate cause of the accident.

In the meantime, on April 15, 2004, Scott had filed a lawsuit against Steward in the Circuit Court of Hinds County, and on August 26, 2004, he secured a default judgment against Steward, which he presented to United Auto on September 29, 2004 for satisfaction.  On October 8, 2004, United Auto sent a letter to Scott's attorney denying coverage for the default judgment and refusing to pay the judgment.  In that letter, it stated:

> Interestingly, we were never notified by either our
> insured or your office of the litigation being filed,
> service being perfected, an answer being due or that a
> Default was to be filed.  Our ability to defend the case
> was clearly prejudiced and we are now unable to find
> coverage for your Judgment.  The case law in Mississippi
> is very clear on this type of situation and documents
> our position.

Steward's complaint insinuates that despite United Auto's initial refusal to pay the judgment, Scott attempted to negotiate payment from United Auto for all or part of the default judgment, but being unsuccessful in that effort, ultimately secured a writ of garnishment against plaintiff with her employer on March 9, 2005.

According to Steward's affidavit submitted in response to defendants' motion, her very first notice of the default judgment and of the existence of the suit against her by Scott was in March 2005, when she received notice from her employer of the writ of garnishment.  Upon such notice, Steward, through counsel, immediately informed United Auto of the default judgment and

2

garnishment.  In counsel's letter to United Auto, he explained
that Steward "was never served with process nor did she receive
any notice of a lawsuit filed against her for this claim until
today, when she was told by her employer that she will be
garnished for a judgment obtained against her by the other
driver."  In response to Steward's request that United Auto
provide her an attorney to handle the matter, United Auto assumed
her defense under reservation of rights, though the current status
of that defense is not clear from the record.

Plaintiff filed this suit against United Auto on October 14,
2005 seeking damages for breach of contract and bad faith breach
of contract, charging that defendants failed to timely and
appropriately investigate the claim and to provide plaintiff or
Scott with an answer as to why the claim was constructively
denied; failed to answer questions explaining how defendants
evaluated her claim and chose not to pay the judgment or settle
the claim; failed to respond to Scott's offers to settle and
failed to offer a settlement to Scott that was reasonable; and
failed to pay a legitimate claim and "den[ied] coverage for a
legitimate claim and default judgment."  While these allegations
could be read as challenging United Auto's denial of Scott's claim
initially, Steward makes clear in her response to the summary
judgment motion that her contention "is not that the defendants
refused to defend her case during the trial," but rather that they

3

"refused to respond to the matter after the judgment was entered," and specifically, "fail[ed] to either settle the matter or act to rescind the garnishment in a timely manner," which resulted in plaintiff's wages being garnished.

The parties apparently agree that the issue for resolution is what, if any, duty United Auto owed Steward after entry of the August 26, 2004 default judgment.  Steward maintains that United Auto had a duty to defend the default judgment from the point it was presented to United Auto, and that its failure to take steps to either have the default judgment set aside or to pay the judgment (or to negotiate with Scott with respect to payment of the judgment) constituted a breach of its duty to defend, which she contends rose to the level of bad faith.

On the other hand, United Auto takes the position that since it was provided no notice of Scott's lawsuit until after entry of the default judgment, it was undeniably prejudiced in its ability to defend the suit, and that consequently, as a matter of law, it had no duty thereafter to defend Steward or pay the judgment against her, nor any duty to stop the subsequent garnishment proceeding.  In support of its position, United Auto points to that provision in Steward's policy which states:

    A person seeking coverage must:
        2.  Promptly send us copies of any notices or
        legal papers received in connection with the
        accident or loss.
    . . .

4

> Complying with the above set forth . . . requirement[]
> is a prerequisite to coverage under this policy and a
> failure to comply with [this] requirement[] shall void
> coverage under this policy and relieve the Company of
> all duties to make payments, defend, settle, or
> otherwise deal with or honor any claim made against a
> covered person or the Company.

It notes, moreover, that Mississippi cases have consistently
recognized an insurer's right to deny coverage when the insured
fails to provide notice of a suit and that failure prejudices the
insured's ability to defend its insured.  For example, in
Commercial Union Insurance Co. v. Dairyland Insurance Co., 584 So.
2d 405, 408 (Miss. 1991), the court held that as a result of the
insured's failure to give notice to the insurer of subrogation
proceedings, the insurer "was unable to defend against
Commercial's claim and it was not given the opportunity to
negotiate with Commercial."  Id. at 408.  The court concluded that
the "[f]ailure to give timely notice of the legal proceedings and
entry of a default judgment in Dairyland's absence was clearly
prejudicial."  See also Jackson v. State Farm Mut. Auto. Ins. Co.,
880 So. 2d 336, 343 (Miss. 2004) (holding that insured's untimely
notice prejudiced insured); Harris v. American Motorist Ins. Co.,
126 So. 2d 870, 873 (Miss. 1961) (insured's delay in giving notice

prejudiced insured); <u>Capital City Ins. Co., Inc. v. Ringgold</u>
<u>Timber Co., Inc.</u>, 898 So. 2d 680, 682 (Miss. Ct. App. 2005)
(showing of prejudice will void coverage).

    In the court's opinion, United Auto position is correct, to a
point, but not entirely and, for the reasons that follow, the
court concludes that United Auto has not demonstrated its
entitlement to summary judgment on plaintiff's breach of contract
claim.

    Obviously, as United Auto contends, an insurer is prejudiced
where a default judgment is taken against its insured without
prior notice to the insurer.  Here, however, the court must accept
as true Steward's version of events, and specifically her sworn
assertion that she did not herself receive notice of the lawsuit
or the default judgment until six months after the default
judgment was entered, at which time she immediately notified
United Auto of the default judgment and of her contention that she
was never served with process or otherwise had no notice of the
Scott lawsuit.

    There are no Mississippi cases addressing an insurer's duty
to defend in this specific context.  In a recent case involving a
somewhat similar scenario, in that a default judgment was obtained
against an insured without prior notice to his automobile insurer,
the Mississippi Court of Appeals held that because the insured had
breached the policy's cooperation clause by failing to provide it

with notice of the suit, the carrier could not be liable for the default judgment.  See Mimmitt v. Allstate County Mut. Ins. Co., Inc., 2006 WL 997872, *3 (Miss. Ct. App. 2006).  In Mimmitt, Allstate's insured, Rodriguez, backed into Mimmitt's parked vehicle in a parking lot.  After Mimmitt notified Allstate of his claim for damages, Allstate obtained his statement and, after being unable to contact its insured, tendered a check to Mimmitt for the damage to his vehicle, and thereafter offered to settle his personal injury claim for $750.  At the same time, Allstate wrote a letter to its insured advising that Mimmitt might sue her, and instructing that she must immediately notify Allstate if she was served with process.  A little more than a year later, Mimmitt did file suit and serve Rodriguez with process.  When Rodriguez did not answer, a default judgment was entered, following which Mimmitt filed a suggestion for writ of garnishment against Allstate.  Allstate responded that it was not liable for the judgment because it did not have notice of the lawsuit filed against its insured.  Following trial, the judge concluded that Allstate did not have notice of the default proceedings against its insured, and the writ of garnishment was the first notice Allstate had of the proceedings.  The judge specifically found that it would violate the terms of the liability insurance coverage to require Allstate to pay Mimmitt where Rodriquez failed to provide notice of the suit to Allstate, as a result of which

7

failure Allstate was denied the opportunity to defend the lawsuit. Id.  The Court of Appeals agreed that "[t]his lack of notice deprived Allstate of the opportunity to further negotiate or defend the lawsuit" and "of any opportunity to contest the damages claimed by Plaintiff."  Id.

In response to Allstate's defense based on its insured's lack of cooperation, Mimmitt, relying on Nationwide Mutual Ins. Co. v. Tillman, 249 Miss. 141, 161 So. 2d 604 (1964), argued that Allstate had an affirmative duty to exercise reasonable diligence to secure the cooperation of the insured in the defense of the claim.  The Court of Appeals rejected this argument, noting that Tillman was decided under New York law, which holds that the duty of cooperation is reciprocal, in that, "'while the insured must co-operate under the conditions of the policy, there is also an obligation on the part of the insurer to exercise diligence and good faith to bring about co-operation,'" Id. (quoting Tillman, 249 Miss. at 167–68, 161 So. 2d at 615).  The court in Mimmitt made clear that this is not the rule in Mississippi: "No such duty has been imposed on insurance companies under Mississippi law." Id.

In Mimmitt, the evidence developed at the trial on the petition for writ of garnishment established that the insured, Rodriguez, had been served with process and yet failed to give Allstate notice of this suit, thereby breaching the cooperation

clause.  It was her breach of the cooperation clause that relieved Allstate of liability for the default judgment.  In this case, Steward takes the position (and has presented proof in support of her position) that she did not have notice of Scott's lawsuit against her until she was notified of the garnishment by her employer some six months after entry of the default judgment.  Assuming that is true, which the court does for present purposes, this fact distinguishes this case from <u>Mimmitt</u>, which did not consider an insurer's defense or liability obligation when neither it nor its insured receives notice of a lawsuit.

Other courts, however, have addressed this issue.  For example, in <u>Saint Paul Mercury Indemnity Co. v. Valdosta Milling Co.</u>, 253 F.2d 667 (5th Cir. 1958), the Fifth Circuit, applying Louisiana law, held that an insured who was without fault in not having notice of a pending action against it, until after default judgment had been rendered against it, was without fault in not giving earlier notice of the action to its liability insurer, and hence the insurer was not excused from defending the action and was liable for insured's expenses in procuring the setting aside of the default judgment.  Other courts have also recognized that "[t]he rendition of a default judgment against an insured does not always serve to terminate the insurer's duty to defend." <u>Western Chain Co. v. American Mut. Liability Ins. Co.</u>, 527 F.2d 986, 989 (7th Cir. 1975).  <u>See</u> <u>Travelers Indem. Co. v. Rosedale Passenger</u>

Lines, Inc., 450 F.2d 975, 978-79 (4th Cir. 1971) (applying
Maryland law) (concluding that insurer breached its duty to defend
where it received notice of a default judgment against its insured
and yet took no steps to have it set aside or to notify its
insured of the judgment so that the insured could act in its own
behalf, as a result of which the insured was unable to timely seek
relief from the default judgment).

        Implicit in these cases is a recognition that an insured does
not breach the notice/cooperation clause where she fails to give
notice of a suit because she had no notice of the suit herself.
Given, then, that the policy here absolves United Auto of its
defense/ indemnity obligation only where there has been a breach
of the notice/cooperation clause, and as it has not been
established that such a breach occurred, the court cannot conclude
as a matter of law that United Auto was relieved of its defense
and/or payment obligation with respect to the default judgment.
Nor under these circumstances can the court conclude as a matter
of law that there was no breach of United Auto's duty to defend by
its refusal to defend the default judgment (by seeking relief
therefrom) or to pay the default judgment (or at least negotiating
with respect to payment).

        Another question presented by United Auto's motion is whether
any such breach could reasonably be found to have amounted to "bad
faith." United Auto insists that it cannot, and that summary

judgment must be entered at least on plaintiff's bad faith claim. "[W]here an insurer makes the decision not to provide a defense to its insured, it runs a substantial risk of a later determination that a defense should have been provided. Such decisions, absent an arguable, reasonable basis, can result in a finding of bad faith." Baker Donelson Bearman & Caldwell, P.C. v. Muirhead, 920 So. 2d 440 (Miss. 2006). The question here with respect to plaintiff's bad faith claim is whether United Auto, upon receiving notice of the default judgment, duly entered by a court of competent jurisdiction and reciting that service has been made on the insured, could be found to have acted in bad faith, i.e., without an arguable, reasonable basis, by assuming (potentially mistakenly) that its insured has breached her duty under the contract by failing to give the requisite notice of suit.

An insurer which first becomes apprized of a lawsuit against its insured when it receives notice of a default judgment from the party seeking payment of that judgment, particularly in a case like this where it had been in recent communication with its insured who has denied responsibility for the underlying accident, would obviously be well advised to determine whether there was, in fact, a breach of the cooperation clause by its insured prior to abandoning further defense of its insured. That is to say, the insurer ought to first to determine whether its insured received and yet failed to impart notice of the suit to the carrier.

11

However, in the court's opinion, it most cases, including this one, a failure to do so this would not ordinarily amount to bad faith.

Although there is nothing in the record to indicate what, if anything, United Auto did to investigate the default judgment and to determine whether Steward was aware of the litigation or the default judgment prior to its initial refusal to defend that default judgment, the record includes a copy of both the letter from Scott's attorney to United Auto informing the insurer of the default judgment, and of the letter sent by United Auto to Scott's counsel refusing payment of the default judgment, both of which reflect that Steward was copied on this correspondence.  Thus, both Scott and United Auto undertook to inform Steward of entry of the default judgment, and yet Steward did not respond at all to this correspondence.  There was nothing to alert United Auto that Steward was unaware of the suit, or of the default judgment, which appeared proper on its face.  These facts cannot reasonably support a finding of bad faith.

Accordingly, for the foregoing reasons, it is ordered that United Auto's motion for summary judgment is granted as to plaintiff's bad faith claim, but is denied as to her claim that it breached its defense/indemnity obligations.

SO ORDERED this 12th  day of June, 2006.


                                   /s/ Tom S. Lee
                                   UNITED STATES DISTRICT JUDGE

                              12